

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,363-01

**EX PARTE MICHAEL UNDREA JOHNSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR14-00177A IN THE 294TH DISTRICT COURT FROM VAN ZANDT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to driving while intoxicated and was sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance resulting in an unknowing and involuntary plea. Applicant alleges that trial counsel advised him that

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

the State would not likely make an offer for probation, but that if Applicant paid counsel an additional $10,000, he would get probation from the trial court. Applicant alleges that he paid counsel the additional $10,000 but was sentenced to twenty-five years' imprisonment.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state what advice, if any, he provided to Applicant with regard to his options for pleading pursuant to an agreement, entering an open plea, or going to trial on the charges. Trial counsel shall state whether there were any plea offers extended by the State, and if there were, whether they were communicated to Applicant. Trial counsel shall state whether he made any promise or guarantee of probation to Applicant if Applicant paid him additional money. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of all documents relevant to Applicant's plea, including any written plea offers, written admonishments, waivers and stipulations, pre-trial motions and orders, notice of enhancements not included in the indictment, at transcript of the plea and punishment proceedings, and the trial court's certification of Applicant's right to appeal. The trial court shall then make findings of fact and conclusions of law as to whether

the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant's open plea of guilty was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: October 2, 2019
Do not publish